IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 14 PM 4: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MARY D. WRIGHT a/k/a | ) |  |
| MARY D. TAYLOR-SHELBY, et al., | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | No. 05-2608-Ml/An |
|  | ) |  |
| JAMES W. COOK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

ORDER CORRECTING THE DOCKET
ORDER DIRECTING PLAINTIFFS TO SIGN THE COMPLAINT
AND
ORDER DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT

Plaintiff Laverne Wright,[1] a resident of Ohio, filed this pro se civil action on August 19, 2005 and paid the civil filing fee. The Clerk shall record the defendants as James W. Cook, Erich M. Schultz,[2] Elizabeth Bailey, and the United States of America.[3] Cook and Schultz are apparently attorneys who practice in Shelby County, Tennessee. Bailey is apparently an individual resident of Shelby County, Tennessee.

---

[1]  Although the case caption lists the plaintiff's first name as "Lavern," the introductory paragraph of the complaint and the signature block indicate that that is a misspelling. The Clerk is ORDERED to correct the docket to reflect the correct spelling of Laverne Wright's name.

[2]  Schultz's first name is sometimes spelled "Eric" in the body of the complaint.

[3]  Although the case caption uses the designation "et al." in its listing of defendants, the Court will not speculate about the identity of any person or entity the plaintiffs intend to sue.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on __11-15-05__

The first matter to be considered is the identity of the plaintiff or plaintiffs to this action. The case caption lists the plaintiffs as "Rosie M. Wright of Cleveland, Ohio, Party of 1st [P]art[,] Lavern [sic] Wright of Cleveland, Ohio[,] GUARDIAN of Person & Estate[, and] MARY D. WRIGHT[,] Third-Party."[4] However, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." A party in federal court, however, must proceed either through licensed counsel or on his or her own behalf. See 28 U.S.C. § 1654. Accordingly, a party has no right to be represented by a nonlawyer. Garrison v. Fleet Finance, Inc., No. 97-6422, 1999 WL 282626 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994); Peak v. Smith, No. 91-5902, 1992 WL 60194 (6th Cir. Mar. 27, 1992); see also Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).

In this case, plaintiff Laverne Wright purports to bring this lawsuit on behalf of Rosie M. Wright, who has not signed the complaint. However, Laverne Wright is apparently not a licensed

---

[4] Although it is not clear from the caption, it appears that Laverne Wright is the daughter of, and guardian to, Rosie M. Wright, not of Mary D. Wright, who is also known as Mary D. Taylor-Shelby.

2

attorney and is not admitted to practice before this Court, the fact that she may have been appointed as guardian for her mother does not entitle her to represent Rosie M. Wright in federal court. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); J.M. Huber Corp. v. Roberts, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978).[5]

Moreover, Laverne Wright herself has not signed the complaint in this matter. Instead, she has submitted a limited power of attorney appointing Mary D. Taylor, a/k/a Mary D. Taylor-Shelby, her "true and lawful attorney in fact . . . to act in, manage and conduct all business transactions in the State of Tennessee on behalf of me and our mother, Rosie Wright." For the same reasons that Laverne Wright cannot represent Rosie M. Wright in federal court, Mary D. Taylor, a/k/a Mary D. Taylor-Shelby, may not represent Mary D. Taylor or Rosie M. Wright as an attorney in federal court.

---

[5]   The Court recognizes that it is possible that Rosie D. Wright may not be competent to prosecute an action on her own behalf. Nonetheless, only a licensed attorney can represent the interests of Rosie D. Wright in federal court. Cf. Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990) (lay parent or guardian cannot file pro se complaint on behalf of minor or ward, who must be represented by attorney); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994) (following Meeker and progeny and refusing to permit parent to represent minor child).

3

Accordingly, as Rosie D. Wright and Laverne Wright did not sign the complaint, they are not currently parties to this action. It is not necessary at this time for the Clerk to correct the docket to remove these persons as parties to this action, however. As the Court is ordering that an amended complaint to filed for the reasons stated infra, any person who intends to prosecute this action as a plaintiff must personally sign it.

The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a) requires "[a] pleading which sets forth a claim for relief" to contain

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Likewise, Fed. R. Civ. P. 10(b) provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters sets forth.

See also Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct.").

The plaintiff or plaintiffs in this case have not filed a document that can fairly be described as a complaint, that contains each of the three elements required by Fed. R. Civ. P. 8(a), and that is signed by each of the plaintiffs are required by

4

Fed. R. Civ. P. 11(a). Apart from the first page of the filing, which appears to be the beginning of a complaint, the remaining documents are shuffled together in no particular order, making it impossible to determine whether a complaint has been filed and, if so, whether any pages are missing. Several pages into the pile of documents are what appear to be pages 3-8 of a complaint that is signed by Mary D. Wright and submitted by Mary Taylor-Shelby, but it is not clear if that document is the continuation of the complaint that begins on the first page of the filing in this case or is some other document.[6] Following the certificate of service of that document are three pages (including a certificate of service) of some other document that is signed by Mary D. Wright. It does not appear that there is any pleading on file that is signed by Laverne Wright.

Moreover, the subject-matter of the complaint is not clear. Laverne Wright and Mary D. Wright a/k/a Mary D. Taylor-Shelby are apparently sisters, and both are the daughters of Rosie M. Wright. Matters pertaining to the guardianship of Rosie M. Wright are apparently pending in the Probate Court of Cuyahoga County, Ohio. It appears that some other party sought, and perhaps obtained, the removal of Laverne Wright as guardian to Rosie M. Wright and the appointment of attorney Schultz in her stead. Laverne Wright contends that the documents appointed Schultz are forgeries. The estate of Rosie D. Wright apparently includes

---

[6] If it is, in fact, the complaint, page 2 is missing and it is not signed by Laverne Wright.

5

property in Shelby County owned by her mother, Annie Belle Emerson Yancy, who died in 1990. It appears that there is litigation in state court in Tennessee between Mary D. Taylor and defendant Bailey concerning a piece of real property in Memphis. Finally, Mary D. Taylor, under the name Mary D. Taylor-Shelby, is a perennial candidate for elective office, and she seems to contend that, had a federal indictment of Kathryn Bowers been issued earlier, she would have won her election. These actions are not set forth in any coherent way to permit the Court to ascertain what claims are asserted against what parties.[7]

The complaint, as drafted, presents this Court with a management problem since "the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444,

---

[7] By way of example, the factual allegations concerning the indictment of Kathryn Bowers are as follows:

> Come now Mary D. Wright alleges 2 or more persons mat [sic] to conspire on how to discriminate and deprive me of my voter rights due process under HAVA. Also an act was introduced to make changes in how descent and distribution and Elective Share of Surviving Spouse see page 15-24 TCA. (Volume 6) past [sic] and now it's the law as of 2003 in the House & Senate for the State of Tennessee.
>
> This act needs to be rescinded.
>
> 1.   Written out of Malice not in good faith. Is like "Dead Man "Walking" U.S.A. vs Kathryn Bowers and Barry Myers Indictment introduction on page 5 line 6 in your own words knew Mrs, [sic] Bowers was the Democrat nominee on March 24th 2005 and here allege charge took place March 29th 6 weeks before the General Election which were a violation of the voter the rights Act because they purposely held me back as an under dog. Were purposely, withheld from the public which resulted in my lost [sic]. The only election where as I had a 99.9% chance of winning for the first time in the twenty (20) elections and 19 years of being a Candidate for public-office. And for that I am suing USA for the sum 500.000 [sic].

6

446 (E.D. Tenn. 1975); see also <u>Flayter v. Wisconsin Dep't of Corrections</u>, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); <u>Vicom v. Harbridge Merchant Servs., Inc.</u>, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); <u>Plymale v. Freeman</u>, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); <u>Jennings v. Emry</u>, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); <u>Salahuddin v. Cuomo</u>, 861 F.2d 40 (2d Cir. 1988); <u>Michaelis v. Nebraska State Bar Ass'n</u>, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); <u>Gordon v. Green</u>, 602 F.2d 743 (5th Cir. 1979); <u>Windsor v. A Federal Executive Agency</u>, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8). The defendants in this case apparently agree, as they have filed a motion for a more definite statement.

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended

complaint that complies with Rules 8, 9,[8] 10, and 11 of the Federal Rules of Civil Procedure. Each claim for relief shall be stated in a separate count that (i) identifies the defendants against whom it is asserted; (ii) sets forth the factual basis for the claim; and (iii) identifies the statute under which the claim arises. Any exhibits to the complaint shall be numbered and shall be referenced by number in the text of the complaint. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. Any party that seeks to prosecute this action as a plaintiff must personally sign the amendment. A failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this __14__ day of _November_, 2005.

_[signature: Jon P. McCalla]_
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[8] To the extent the plaintiff seeks to assert a fraud claim, she must comply with Fed. R. Civ. P. 9(b), which requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02608 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Erich M. Shultz
LAW OFFICES OF ERICH M. SHULTZ
242 Poplar Ave.
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT